UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **COLUMBUS LIFE INSURANCE COMPANY**<br>400 East Fourth Street<br>Cincinnati, OH 45202 | : : : : : | |
| Plaintiff, | : : | |
| vs. | : : | Case No. 1:22-cv-00753 |
| **CLEVES R. DELP, INDIVIDUALLY AND AS TRUSTEE OF THE DELP INDEPENDENCE TRUST dated July 2, 1999**<br>6095 Weckerly Road<br>Whitehouse, OH 43571-9647 | : : : : : : : | Judge |
| **CLEVES R. DELP, AS TRUSTEE OF THE MSJMR 2008 IRREVOCABLE TRUST dated December 31, 2008**<br>6095 Weckerly Road<br>Whitehouse, OH 43571-9647 | : : : : : : | |
| **DOMINIC J. SPINAZZE, INDIVIDUALLY AND AS TRUSTEE OF DELJANE IRREVOCABLE TRUST FBO CLEVES DELP dated June 1, 2009**<br>8518 Royal Lythan Lane<br>Holland, OH 43528-9011 | : : : : : : : | |
| **BRADLEY J. DELP, INDIVIDUALLY AND AS TRUSTEE OF THE BRADLEY J. DELP REVOCABLE TRUST dated January 8, 1992**<br>950 Broken Sound Parkway NW Unit #401<br>Boca Raton, FL 33487-3523 | : : : : : : : : | |
| **DELDEARY, LLC, a Florida Limited Liability Company**<br>950 Broken Sound Parkway NW Unit #401<br>Boca Raton, FL 33487-3523 | : : : : : | |

| | |
|---|---|
| **ROBERTA D. BONNER, AS TRUSTEE OF BJD 2008 GIFT TRUST dated January 1, 2008** <br> **812 South Milwaukee Street** <br> **Denver, CO 80209-4828** | : <br> : <br> : <br> : <br> : |
| **ROBERTA D. BONNER, AS TRUSTEE OF M.J. MILLENNIUM TRUST dated March 18, 2000** <br> **812 South Milwaukee Street** <br> **Denver, CO 80209-4828** | : <br> : <br> : <br> : <br> : <br> : |
| **ROBERTA D. BONNER, AS TRUSTEE OF THE DELJANE IRREVOCABLE TRUST FBO BRADLEY J. DELP dated June 1, 2009** <br> **812 South Milwaukee Street** <br> **Denver, CO 80209-4828** | : <br> : <br> : <br> : <br> : <br> : |
| **GLENN J. KREVLIN, INDIVIDUALLY AND AS TRUSTEE OF THE GLENN J. KREVLIN REVOCABLE TRUST dated July 25, 2007** <br> **230 Jobs Lane** <br> **Water Mill, NY 11976-3508** | : <br> : <br> : <br> : <br> : <br> : |
|       **Defendants.** | : <br> : |

**AMENDED COMPLAINT FOR INTERPLEADER**
**(WITH EXHIBITS 1-4)**

Plaintiff Columbus Life Insurance Company ("Columbus Life"), for its Amended Complaint for Interpleader as to defendants Cleves R. Delp, individually and as Trustee of the Delp Independence Trust dated July 2, 1999, and as Trustee of the MSJMR 2008 Irrevocable Trust dated December 31, 2008, Dominic J. Spinazze, individually and as Trustee of the DelJanE Irrevocable Trust FBO Cleves Delp dated June 1, 2009, Bradley J. Delp, individually and as Trustee of the Bradley J. Delp Revocable Trust dated January 8, 1992, Deldeary, LLC, Roberta D. Bonner, as Trustee of BJD 2008 Gift Trust dated January 1, 2008, as Trustee of M.J. Millennium Trust, as Trustee of the DelJanE Irrevocable Trust FBO Bradley J. Delp dated June 1, 2009, and

Glenn J. Krevlin, individually and as Trustee of the Glenn J. Krevlin Revocable Trust dated July 25, 2007 (collectively, "Defendants"), states as follows:

## JURISDICTION AND VENUE

1. This is an action for interpleader pursuant to 28 U.S.C. § 1335(a)(1), in which the defendants are, upon information and belief, adverse claimants to the proceeds of a life insurance policy issued by Columbus Life to DelJanE Irrevocable Trust dated May 9, 2004, listing Mary Jane Delp ("Decedent") as the insured.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335(a)(1) in that the amount in controversy exceeds $500.00 and two or more of the adverse claimants are of diverse citizenship.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this judicial district because a substantial part of the events giving rise to the claim occurred in and were directed at this judicial district and the property at issue is within the district.

## PARTIES

4. Columbus Life is an insurance company with its principal place of business at 400 East Fourth Street, Cincinnati, OH 45202.

5. Defendant Cleves R. Delp ("Cleves"), on information and belief, is a citizen of Ohio residing in Lucas County, OH, 43571-9647. Cleves is Decedent's son and, on information and belief, claims an entitlement to proceeds from the Decedent's life insurance policy.

6. Defendant Dominic J. Spinazze ("Spinazze"), on information and belief, is a citizen of Ohio residing in Lucas County, OH 43528-9011. Spinazze is the Trustee for the DelJanE Irrevocable Trust FBO Cleves R. Delp dated June 1, 2009 and, on information and belief, claims an entitlement, as Trustee, to proceeds from the Decedent's life insurance policy.

7. Defendant Bradley J. Delp ("Bradley"), on information and belief, is a citizen of Florida, residing in Boca Raton, FL, 33487-3523. Bradley is Decedent's son and, on information and belief, claims an entitlement to proceeds from the Decedent's life insurance policy.

8. Defendant Deldeary, LLC is a limited liability company with its principal place of business at 950 Broken Sound Parkway NW, Unit 401, Boca Raton, FL 33487-3523. On information and belief, the two members of Deldeary, LLC are Roberta Bonner and Bradley Delp, who are citizens of Colorado and Florida, respectively. Deldeary, LLC made premium payments on Decedent's life insurance policy and, on information and belief, claims an entitlement to proceeds from that policy.

9. Defendant Roberta D. Bonner ("Bonner"), on information and belief, is a citizen of Colorado, residing in Denver County, 80209-4828. Bonner, as Trustee of the BJD 2008 Gift Trust dated January 1, 2008, as Trustee of the M.J. Millennium Trust dated March 18, 2000, and as Trustee of the DelJanE Irrevocable Trust FBO Bradley J. Delp dated June 1, 2009, on information and belief, claims an entitlement to proceeds from the Decedent's life insurance policy.

10. Defendant Glenn J. Krevlin ("Krevlin"), on information and belief, is a citizen of New York, residing in Suffolk County, 11976-3508. Krevlin, as Trustee of the Glenn J. Krevlin Revocable Trust dated July 25, 2007, on information and belief, claims an entitlement to proceeds from the Decedent's life insurance policy.

## **FACTS**

### *The Policy*

11. On August 17, 2005, Columbus Life issued an individual universal life insurance policy (Policy CM50176584, hereinafter referred to as the "Policy") to owner DelJanE Irrevocable Trust dated May 9, 2004 (the "Trust"). *See* Policy, attached hereto as Exhibit 1.

12. The Policy insured Mary Jane Delp for $5,000,000.00.

13. The Trust was the primary beneficiary of the Policy.

### *The DelJanE Irrevocable Trust and Sub-Trusts*

14. On May 9, 2004, the DelJanE Irrevocable Trust identified Mary Jane Delp as Grantor, Dominic J. Spinazze as Trustee, and Christopher E. Erblich as Special Trustee.

15. On June 1, 2009, a memorandum was executed ("the June 1, 2009 Memorandum") whereby the Trust was divided into two sub-trusts: (1) the DelJanE Irrevocable Trust FBO Bradley J. Delp dated June 1, 2009 (the "Trust FBO Bradley"), and (2) the DelJanE Irrevocable Trust FBO Cleves R. Delp dated June 1, 2009 (the "Trust FBO Cleves").

16. Pursuant to the June 1, 2009 Memorandum, all rights, title and interest in the Policy were transferred to the Trust FBO Cleves, and all remaining assets owned by the Trust prior to the division of the Trust were placed in the Trust FBO Bradley.

### *Transfer of the Policy and Assignments*

17. On July 14, 2009, Columbus Life received a change of ownership and beneficiary request from Spinazze, as Trustee of the Trust, requesting that the Policy owner and beneficiary be changed to the Trust FBO Cleves. Spinazze was also the Trustee of the Trust FBO Cleves.

18. On July 30, 2009, Columbus Life notified Spinazze, as Trustee of the Trust FBO Cleves, that the requested changes had been recorded, making the Trust FBO Cleves owner and beneficiary of the Policy.

19. On February 18, 2010, Columbus Life received another change of ownership and beneficiary request from Spinazze, as Trustee of the Trust FBO Cleves, requesting that the Policy owner and beneficiary be changed back to the Trust.

20. On March 3, 2010, Columbus Life notified Spinazze, as Trustee of the Trust, that the requested changes had been recorded, making the Trust owner and beneficiary of the Policy.

21. On March 18, 2010, Columbus Life received notification that effective March 17, 2010, Spinazze resigned as Trustee for the Trust, that Christopher E. Erblich declined to serve as Successor Trustee, and that Roberta Bonner had been appointed as Successor Trustee of the Trust, and had accepted that appointment.

22. On December 7, 2011, Roberta Bonner, as Trustee of the Trust, authorized and directed Columbus Life to provide verbal and written information concerning the Policy to Bradley J. Delp and The Delp Company.

23. On April 29, 2013, Columbus Life received a change of ownership and beneficiary request from Bonner, as Trustee of the Trust, requesting that the owner and beneficiary of the Policy be changed to The M.J. Millennium Trust dated March 18, 2000 ("The MJ Millennium Trust").

24. On April 29, 2013, Columbus Life notified Bonner, as Trustee of the Trust, that the requested changes had been recorded, making The MJ Millennium Trust owner and beneficiary of the Policy. Columbus Life also noted this change revoked any previous designations.

25. On July 3, 2015, Columbus Life received a change of ownership and beneficiary request from Bonner, as Trustee of The M.J. Millennium Trust, requesting that the owner and beneficiary of the Policy be changed to Deldeary, LLC. Bonner was the Managing Member of Deldeary, LLC.

26. On July 22, 2015, Columbus life notified Bonner, as Managing Member of Deldeary, LLC, that the requested changes had been recorded, making Deldeary, LLC owner and

beneficiary of the Policy. Columbus Life also noted this change revoked any previous designations.

27. On August 29, 2017, Columbus Life learned that Cleves Delp had instituted litigation against Bradley Delp in the Lucas County Court of Common Pleas, claiming an interest in the Policy. Cleves Delp's attorney, Thomas Dillon, requested that, upon Mary Jane Delp's death, the Policy proceeds be deposited with the court.

28. On May 29, 2020, Columbus Life was made aware of a Subordination Agreement between BJD 2008 Gift Trust dated January 1, 2008 (the "BJD 2008 Gift Trust"), Glenn J. Krevlin Revocable Trust dated July 25, 2007 (the "Krevlin Revocable Trust") and Deldeary, LLC. Pursuant to the Subordination Agreement, the BJD 2008 Gift Trust and the Krevlin Revocable Trust were both granted a security interest in and a collateral assignment of the Policy.

29. On September 1, 2020 Columbus Life recorded a collateral assignment of the Policy to the Krevlin Revocable Trust, and subsequently informed Deldeary, LLC that the Policy proceeds would only be paid to the beneficiary after the assignee's interest had been satisfied.

30. On October 21, 2020 Columbus Life recorded a collateral assignment of the Policy to the BJD 2008 Gift Trust, and subsequently informed the BJD 2008 Gift Trust that the Policy proceeds would only be paid to the beneficiary after the assignee's interests (prioritized by date recorded) had been satisfied.

### *The Lucas County Probate Court Judgment Entry*

31. On October 16, 2020, an Order was entered in Lucas County Probate Court in the matter of *Cleves R. Delp v. Bradley J. Delp, individually and as De-Facto Trustee of the MJ Millennium Trust dated March 18, 2000, et al.* (Case No. 2014ADV2579). That Order directed that the Policy be "transferred back to FBO Cleves" and that, because "substantial premium

payments have been made to keep the policy in force, all legitimate loans related to premium payments shall be reimbursed from the proceeds of any death benefit paid on the Columbus Life policy prior to the distribution of the proceeds." *See* Ohio Probate Court Judgment Entry, attached hereto as Exhibit 2.

32. While the Probate Court directed that "legitimate loans related to premium payments" be reimbursed from the death benefit proceeds, it did not specify which entities or individuals should be reimbursed, or in what amount, or specify how to identify which loans were "legitimate."

33. On November 2, 2020, Columbus Life notified Bonner and Bradley Delp that, pursuant to the Lucas County Probate Court Judgment Entry, it intended to change ownership of the Policy to the Trust FBO Cleves. Columbus Life also noted that any assignments of the Policy made by Deldeary, LLC would be not be effective after the transfer of the Policy back to the Trust FBO Cleves.

*Mary Jane Delp's Death and Claim Review*

34. On January 15, 2022, Decedent passed away.

35. Columbus Life was notified of Decedent's death on January 19, 2022, and initiated a death claim.

36. On January 21, 2022, Columbus Life mailed claim forms to Spinazze, as Trustee of the Trust FBO Cleves.

37. On January 28, 2022, Columbus Life received completed claim forms and a certified death certificate for Decedent.

*The Defendants Dispute the Disposition of the Policy Proceeds*

38. On February 11, 2022, Columbus Life received a letter and accompanying documentation from Bonner and Bradley Delp, as Trustees of the BJD 2008 Gift Trust dated January 1, 2008. *See* Letter, attached hereto as <u>Exhibit 3</u>. In that letter, the Trustees claimed the BJD 2008 Gift Trust is entitled to a portion of the death benefit proceeds pursuant to an assignment of the Policy in favor of the BJD 2008 Gift Trust.

39. In their February 11, 2022 letter, Bonner and Bradley referred to the Probate Court Judgment Entry, and specifically noted the court's ruling that any loans related to premium payments for the Policy shall be reimbursed from the proceeds of any death benefit paid on the Policy prior to distribution of the proceeds. Bonner and Bradley claimed the death proceeds should not be paid to the beneficiary until the assignment obligations had been satisfied.

40. On April 25, 2022, Columbus Life received a letter from Glenn J. Krevlin, Trustee of the Glenn J. Krevlin Revocable Trust dated July 25, 2007. Mr. Krevlin noted the Glenn J. Krevlin Revocable Trust was previously named as an assignee of the policy and claimed that the Glenn J. Krevlin Revocable Trust is owed a portion of the death benefit proceeds pursuant to that assignment. *See* Krevlin Letter, attached hereto as <u>Exhibit 4</u>.

*Potential Resolution Among the Claimants*

41. On or about March 3, 2022, Columbus Life, through counsel, contacted claimants to seek an agreement among the claimants regarding payment of the death benefit proceeds, and indicated that, if an agreement could not be reached, it would pursue an interpleader action.

42. The claimants, through counsel, indicated that they would attempt to reach a resolution, and requested that Columbus Life forego an interpleader action at that time in order to give the claimants time to agree upon the distributions. Based on these representations from the

claimants, Columbus Life did not immediately pursue interpleader, and agreed to give the claimants time to resolve their dispute.

43. On March 22, 2022, April 21, 2022, May 22, 2022, June 21, 2022, and July 21, 2022 Columbus Life mailed follow up letters to the Trustee of the Trust FBO Cleves, advising that additional time was needed to resolve the claim in light of the competing claims represented by the dispute between the claimants, the October 16, 2020 Ohio Probate Court Judgment Entry, the representation that the claimants were working on an agreement to resolve the dispute, and the inability (to date) of the claimants to agree upon the distribution of the Policy proceeds.

44. On or about August 2, 2022, Columbus Life was informed that the claimants had reached an agreement with regard to the payment of the Policy's proceeds, and that Columbus Life would be informed when the agreement had been signed/finalized.

45. On August 21, 2022 and September 20, 2022, Columbus Life mailed a follow up letter to the Trustee of the Trust FBO Cleves, advising that it would need additional time to review the claim in light of the competing claims represented by the dispute between the claimants, the October 16, 2020 Ohio Probate Court Judgment Entry, the April 25, 2022 Krevlin Letter, and the August 2, 2022 representation that the claimants had reached an agreement that had not yet been signed/finalized.

46. On September 28, 2022, Columbus Life received a letter from Spinazze, as Trustee of the Trust FBO Cleves, seeking immediate payment of the death benefit proceeds. That letter also indicated that a dispute existed between multiple parties related to disposition of the death benefit proceeds, but noted that a settlement agreement had been reached.

47. Although Columbus Life was informed the dispute between the claimants had been resolved, it did not receive an executed copy of the settlement agreement.

48. On October 20, 2022 and November 20, 2022, Columbus Life mailed a follow up letter to the Trustee of the Trust FBO Cleves, advising that it would need additional time to review the claim in light of the competing claims represented by the dispute between the claimants, the October 16, 2020 Ohio Probate Court Judgment Entry, the April 25, 2022 Krevlin Letter, the August 2, 2022 representation that the claimants had reached an agreement as to the policy proceeds, and the fact that – despite the August 2, 2022 representation – no executed settlement agreement had ever been provided to Columbus Life for its reliance in making the distributions of the Policy proceeds.

49. On or about November 29, 2022, Columbus Life was informed that the claimants had not signed a settlement agreement related to the payment of the death benefit proceeds.

50. Based on communications received from the claimants, Columbus Life understands that the following would have been signatories to the settlement agreement resolving any disputes as to payment of the death benefit proceeds: Bradley J. Delp, individually and as Trustee of the Bradley J. Delp Revocable Trust dated January 8, 1992, Roberta Bonner, as Trustee of the DelJanE Irrevocable Trust FBO Bradley J. Delp dated June 1, 2009, as Trustee of the BJD 2008 Gift Trust, and as Trustee of the M.J. Millennium Trust dated March 18, 2000, Deldeary, LLC, Cleves R. Delp individually, as Trustee of the Delp Independence Trust dated July 4, 1999, and as Trustee of the MSJMR 2008 Irrevocable Trust dated December 31, 2008, Dominic J. Spinazze individually, and as Trustee of the DelJanE Irrevocable Trust FBO Cleves R. Delp dated June 1, 2009, and Glenn J. Krevlin individually, and as Trustee of the Glenn J. Krevlin Revocable Trust dated July 25, 2007.

51. Multiple parties have claimed an entitlement to receive proceeds from the Policy, but Columbus Life cannot determine which of them are, in fact, entitled and/or in what amount.

If Columbus Life pays the wrong claimant(s) or pays an improper amount to a claimant, Columbus Life may be exposed to double or multiple liability.

52. On information and belief, one or more of these Defendants may be entitled to some or all of the proceeds, and the Defendants have not been able to reach an agreement as to disposition of any portion of the proceeds.

53. Columbus Life has received satisfactory proof of Decedent's death, is willing to pay the proceeds of the Policy, takes no position as to which of the claimants is entitled to proceeds, and seeks to avoid multiple liability to those competing claimants. Justice and equity dictate that Plaintiff should not be subject to potential liability for multiple claims by the defendants.

## **CLAIM FOR RELIEF**

### **(Interpleader)**

54. Plaintiff incorporates the foregoing allegations as if fully stated herein.

55. The defendants' claims are such that Plaintiff is or may be exposed to multiple liabilities. Plaintiff is uncertain as to which of the defendants should receive the proceeds of the Policy.

56. Plaintiff does not claim any interest in the Policy proceeds and is ready to pay the proceeds as the Court directs.

57. Plaintiff hereby requests that the Court order the defendants to interplead in this action and set up their respective claims to the Policy proceeds. Plaintiff further requests that the Court order Plaintiff to deposit the Policy proceeds with the Court and that the Court determine which of the defendants will receive any or all of the proceeds.

**WHEREFORE**, Plaintiff prays that the Defendants be ordered to interplead in this action and set up their respective claims to the Policy proceeds or be forever barred from asserting the

same; that the defendants be enjoined from instituting any action against Plaintiff for any or all of the Policy's proceeds; that Plaintiff be ordered to deposit with the Clerk of this Court the Policy proceeds plus applicable interest as of the date of deposit; that Plaintiff thereafter be dismissed with prejudice from this action; that Plaintiff receive all of its court costs and attorney fees for preparing, filing and prosecuting this interpleader action; and that Plaintiff receive such other relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Eric W. Richardson*
Eric W. Richardson (0066530)
Brent D. Craft (0085374)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, Ohio 45202
Telephone: (513) 723-4019
Facsimile: (513) 852-7885
Email: ewrichardson@vorys.com
           bdcraft@vorys.com

*Attorneys for Plaintiff Columbus Life Insurance Company*